IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ERNEST PADILLA, PERSONAL REPRESENTATIVE
OF THE ESTATE OF ROBERT DOTSON, DECEASED;
KIMBERLY DOTSON,
INDIVIDUALLY AND AS PARENT AND NEXT FRIEND
OF JULIA
DOTSON; AND ZACHARY-MORA DOTSON,

    Plaintiffs,

vs.

CITY OF FARMINGTON, NEW MEXICO;
DANIEL ESTRADA; DYLAN GOODLUCK;
AND WAYLON WASSON

    Defendants.

Case No.

_____

**PLAINTIFFS' ORIGINAL COMPLAINT**

_____

Plaintiffs, by and through their undersigned attorneys, for their causes of action against the Defendants, would show the Court the following:

## **GENERAL ALLEGATIONS**

1. Plaintiff Ernest Padilla is a resident of Santa Fe County, New Mexico. The remaining Plaintiffs are all residents of San Juan County, New Mexico. Defendant City of Farmington is a municipality located in San Juan County, New Mexico. The remaining individual Defendants are residents of San Juan County, New Mexico.

2. This Court has jurisdiction of this case pursuant to 28 USC § 1331 due to the federal question presented by 42 U.S.C § 1983.

3. Venue is proper in this Court because the events which give rise to this lawsuit all occurred in this District.

4. Plaintiffs seek the appointment of Ernest Padilla as Personal Representative of the Estate of Robert Dotson for the purposes of this wrongful death action, pursuant to Rule 1-017 (B) NMRA (2022). All the heirs of Robert Dotson agree to the appointment and request it.

5. Plaintiff Kimberly Dotson is the widow of Robert Dotson. Plaintiffs Zachary Mora-Dotson and Julia Dotson are the surviving children of Robert and Kimberly. This is a wrongful death case brought pursuant to 42 U.S.C § 1983, the New Mexico Wrongful Death Act, the New Mexico Civil Rights Act (41-4A-1 et. seq. NMSA 1978), and the New Mexico Tort Claims Act (41-4- 1 et seq. NMSA 1978).

6. This case arises from the unjustified, intentional killing of Robert Dotson, the 52-year-old father of Julia and Zach and husband of Kim, standing in his doorway, late in the evening of April 5, 2023. Three Farmington police officers, who were at the wrong house, shot and killed him.

7. On April 5, 2023, three Farmington police officers, the individual Defendants named above, were dispatched to the scene of a domestic disturbance at 5308 Valley View in Farmington, New Mexico.

8. Rather than going to the address to which they were dispatched, the officers instead went to 5305 Valley View. That address was the residence of Robert Dotson and his wife Kimberly Dotson, and their children Zach and Julia. It was not the address to which the

_____

police were sent. The Dotsons lived across and down the street from 5308 Valley View. There was no reason for the police to be there, nor to knock on the Dotsons' door.

9. At approximately 11:30 PM Defendant Wasson knocked on the front door of the Dotson residence, which was not the address to which the police were dispatched. The residence was two stories, the knock was not loud, and his announcement "Farmington Police" could not be heard and was not heard upstairs where Mr. and Mrs. Dotson were in their bedroom. The police vehicles were parked down the street and did not have their lights on.

10. Mr. and Mrs. Dotson believed that they heard a knock, however, and Mr. Dotson put on his robe and went downstairs to answer the knock. For personal protection, he picked up the handgun which was kept on top of the refrigerator in the Dotson residence, not knowing what he might encounter at that late hour.

11. At approximately the same time, Defendants Wasson, Estrada, and Goodluck were realizing they were at the wrong residence and were laughing about it.

12. Mr. Dotson opened his front door and was blinded by police flashlights. The police did not announce themselves, and Mr. Dotson had no idea who was in his yard shining bright lights at him.

13. Seeing the gun in Mr. Dotson's hand, Officer Wasson opened fire instantly. The other officers, Estrada and Goodluck immediately followed by firing their guns. Twelve bullets were shot into the body of Robert Dotson by the Defendant officers, killing him. He was pronounced dead on April 6, 2023.

14. The defendant police officers still had not announced themselves as Farmington police officers to the Dotsons at the time Robert Dotson was killed. Mr. Dotson did not fire his gun.

15. Having heard the shots, Kimberly Dotson came down the stairs, wearing only a robe, the front door open, saw her husband lying in his blood in the doorway and still did not know what had happened nor that police officers were in her front yard. She fired outside at whoever had shot her husband. The Defendant Police officers then each fired at Mrs. Dotson – another 19 rounds. Fortunately, she was not hit.

16. The Defendant police officers finally announced themselves, and Kimberly Dotson told them that someone had shot her husband and requested their help. She did not realize even at that moment that the three police officers had killed her husband. She would not know it was the officers until she was finally told eight hours later at the police station where she was detained.

17. Rather than acknowledging their error or attempting to protect and console Kimberly Dotson and her children, Farmington police officers detained and handcuffed Kimberly Dotson, her daughter Julia, and son Zachary, keeping them in the back of separate police vehicles, and finally transporting them to the police station. They were each detained, and there was no attempt, or even apparently a thought, about preserving the dignity of Kim Dotson, the wife whose husband had just been gunned down in his doorway, waiting in her blood-stained robe.

18. After the shooting, the officers involved did not disclose to investigators that they were at the wrong address, which was the error leading to the tragic result and without which it would not have occurred. The officers being at the wrong address was discovered by other officers who arrived at the scene.

## FIRST CLAIM FOR RELIEF

19. The allegations of the General Allegations are incorporated herein by reference.

20. Defendants, and each of them, deprived Robert Dotson and Plaintiffs in this case of rights secured to them by Constitution and laws of the United States while acting under color of state law, including the Fourth Amendment right to be free of unreasonable seizures, and the Fifth and Fourteenth Amendment rights to due process, and Plaintiffs sue for all relief available to them, including attorney's fees, under 42 U.S.C § 1983.

21. Each of the Defendant officers acted unreasonably, creating the risk of harm to Robert Dotson, and then each applied excessive, unnecessary force and shot Robert Dotson to death while he was standing in his doorway knowing they were not at the address to which they had been dispatched. The extreme, unreasonable actions on the part of each of the Defendant officers demonstrate an utter and reckless disregard and conscious indifference for the rights of Plaintiffs and the life and liberty of Robert Dotson.

## SECOND CLAIM FOR RELIEF

22. The General Allegations are incorporated herein by this reference.

23. The Defendants, and each of them, deprived Robert Dotson and each of the Plaintiffs of rights secured by the Bill of Rights of the Constitution of the State of New Mexico, including the right to enjoy life and liberty, the right not to be deprived of liberty without due process of law, and the right to restitution as a victim of crime. Plaintiffs sue for all damages recoverable pursuant to the New Mexico Civil Rights Act, including reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF

24. The General Allegations are incorporated herein by this reference.

25. The actions and omissions of the Defendant officers are torts for which immunity has been waived by the New Mexico Tort Claims Act in Section 41-4-12 NMSA 1978. Proper notice of Plaintiffs' claims has been provided, and Defendant City of Farmington has actual knowledge of the occurrence.

26. The tortious acts of the Defendant officers, (assault, battery, homicide, and negligence in going to the wrong address) resulted in the death of Robert Dotson and injury to each of the Plaintiffs.

27. Additionally, the City of Farmington failed to properly train and monitor the Defendant officers in proper use of force and continued to allow Officers Wasson and Estrada to be armed and on patrol in spite of issues with their prior wrongful conduct which were known to the City as of the date Robert Dotson was shot to death.

## DAMAGES

28. The allegations of paragraph 1-27 are incorporated herein by reference.

29. As a direct, proximate, and foreseeable result of the wrongful acts and omissions of the Defendants and their acts depriving Plaintiffs of their constitutional rights, Plaintiffs have been harmed. Plaintiffs seek all damages recoverable under the Wrongful Death Act, Tort Claims Act, the New Mexico Civil Rights Act, and 42 USC Sec 1983; including lost earnings and lost earning capacity, and loss of enjoyment of life.

30. The children (Zach and Julia) have been deprived of the love and affection of their father and lost consortium with him because of his death.

31. Plaintiff Kimberly Dotson lost consortium with her husband and lost his household services due to his killing without justification by Defendants, and lost income and earning capacity.

_____
**PLAINTIFFS' ORIGINAL COMPLAINT**                                                          **PAGE 6**

32. All Plaintiffs have sustained emotional distress from the devastating, unnecessary loss of Robert Dotson and their treatment at the hands of the Defendant Farmington police officers.

33. The conduct of the Defendants, and each of them, was willful, malicious, and reckless. Plaintiffs should be awarded punitive damages against the Defendants and each of them, to punish the Defendants and deter other cities, police departments and police officers from such shameful, thoughtless, unreasonable, and murderous conduct.

WHEREFORE, Plaintiffs pray that they recover their compensatory damages from the Defendants and each of them; for punitive damages; for costs of suit incurred herein; for reasonable attorney's fees; for pre and post Judgment interest as provided by law, and for such other and further relief as the Court may deem to be just and proper.

Respectfully submitted,

**THE PERRIN LAW FIRM**
Doug Perrin
369 Montezuma Ave., PMB #334
Santa Fe, New Mexico 87501
Telephone: (505) 989-8800
Facsimile: (214) 646-6117
Email:  dougperrin@perrinlaw.org
*/s/ Doug Perrin*

**Clark, Jones, & Ruyle LLC.**
Thomas M. Clark
432 Galisteo St.
Santa Fe, NM  87501
Telephone: (505) 820-1825
Facsimile: (505) 986-0475
Email: tmclark@cjrlawsf.com
*/s/ Thomas M. Clark*

**ATTORNEYS FOR PLAINTIFFS**