IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST PADILLA, PERSONAL REPRESENTATIVE
OF THE ESTATE OF ROBERT DOTSON, DECEASED;
KIMBERLY DOTSON,
INDIVIDUALLY AND AS PARENT AND NEXT FRIEND
OF JULIA
DOTSON; AND ZACHARY-MORA DOTSON,

    Plaintiffs,

vs.                                      Case No. 1:23-cv-00790-MLG-KK

CITY OF FARMINGTON, NEW MEXICO;
DANIEL ESTRADA; DYLAN GOODLUCK;
AND WAYLON WASSON,

    Defendants.

**MOTION FOR PROTECTIVE ORDER STAYING
DISCOVERY PENDING THE COURT'S DISPOSITION OF
CITY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT No. I:
DISMISSAL OF PLAINTIFFS JULIA DOTSON AND ZACHARY MORA-DOTSON'S
FOURTH AMENDMENT ILLEGAL SEIZURE CLAIMS AGAINST THE OFFICERS
<u>BASED ON THE APPLICATION OF QUALIFIED IMMUNITY</u>**

Defendants, the City of Farmington, Daniel Estrada, Dylan Goodluck, and Waylon Wasson (collectively referred to as "City Defendants"), through their attorneys Robles, Rael and Anaya, P.C. (Luis Robles) and pursuant to Fed.R.Civ.P. 26(c)(1) and D.N.M.LR-Civ 37.1, state the following for their Motion for Protective Order Staying Discovery Pending the Court's Disposition of City Defendants' Motion for Partial Summary Judgment No. I: Dismissal of Julia Dotson and Zachary Mora-Dotson's Fourth Amendment Illegal Seizure Claims Against the Officers Based on the

Application of Qualified Immunity:[1]

## INTRODUCTION

This case arises from an officer-involved shooting. According to the Amended Complaint, Farmington Police Department Officers Waylon Wasson ("Officer Wasson"), Daniel Estrada ("Officer Estrada") and Dylan Goodluck ("Officer Goodluck") were dispatched to a domestic disturbance on April 5, 2023 at approximately 11:30 p.m., but the officers went to the wrong house. Instead of going to the home where the domestic disturbance was reported, the officers erroneously knocked at the door of a home on the other side of the street where Robert Dotson ("Mr. Dotson"), Kimberly Dotson ("Mrs. Dotson") and their two children resided. As he knocked, Officer Wasson announced "Farmington Police." Although they heard the knock, Mr. Dotson and Mrs. Dotson allege they did not hear the announcement because they were upstairs in their bedroom.

Mr. Dotson opened the front door armed with a gun because he did not know who was knocking at that time of night. Seeing the gun in Mr. Dotson's hands, the officers fatally shot him. Mrs. Dotson alleges she heard the gunfire and went downstairs where she discovered her husband lying in the doorway. Mrs. Dotson admits to firing a gun at whoever shot at her husband, not knowing it was police who were in her front yard. The officers returned fire, but Mrs. Dotson was not hit. Farmington police officers subsequently handcuffed and detained Mrs. Dotson and the Dotson children, Julia Dotson and Zachary Mora-Dotson, kept them in the back of separate police vehicles and then transported them to the police station.

---

[1] As required by D.N.M.LR-Civ. 7.1(a), defense counsel contacted Plaintiffs' counsel on February 14, 2024 to determine Plaintiffs' position on City Defendants' Motion. On February 15, 2024, Plaintiffs' counsel advised that Plaintiffs oppose City Defendants' Motion.

Based on the foregoing allegations, the Amended Complaint asserts, in relevant part, that "Defendants, and each of them, deprived Robert Dotson and Plaintiffs in this case of rights secured to them by Constitution and laws of the United States which acting under color of state law, including the Fourth Amendment right to be free of unreasonable seizures, and the Fifth and Fourteenth Amendment rights to due process ...." See Plaintiffs First Amended Original Complaint, ¶20 (filed January 23, 2024) [Doc. No. 27] ("Amended Complaint"). On February 19, 2024, City Defendants filed their Motion for Partial Summary Judgment No. I: Dismissal of Julia Dotson and Zachary Mora-Dotson's Fourth Amendment Illegal Seizure Claims Against the Officers Based on the Application of Qualified Immunity (filed February 19, 2024) [Doc. No. 35] ("Motion for Partial Summary Judgment No. I").

In cases like this, the Federal Rules of Civil Procedure authorize this Court to stay discovery pending a decision on City Defendants' motion. Moreover, the reasoning underlying the doctrine of qualified immunity likewise compels a stay of discovery. Therefore, City Defendants should be spared the burdens of discovery and litigation pending a decision on their dispositive motion.

## LEGAL ARGUMENT

**I.   THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE THIS COURT TO STAY DISCOVERY, AND THE DOCTRINE OF QUALIFIED IMMUNITY COMPELS A STAY OF DISCOVERY PENDING A DECISION ON CITY DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT NO. I.**

Federal Rules of Civil Procedure 26(b)(2) and (c) empower this Court with the discretion to stay discovery pending its ruling on City Defendants' dispositive motion. See Fed.R.Civ.P. 26(b)(2) and (c). Federal Rule of Civil Procedure 26(b)(2) allows this Court to enter an order limiting

discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(i). This Court's power to limit discovery is additionally outlined in Fed.R.Civ.P. 26(c), which provides that upon motion and for good cause shown, this Court may enter an order "forbidding the disclosure or discovery[.]" See Fed.R.Civ.P. 26(c)(1)(A). Moreover, courts and commentators agree that Fed.R.Civ.P. 26(b) and (c) give trial courts the discretion to stay discovery pending the ruling on a motion raising dispositive legal issues. See generally, 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice,* ¶ 26.69 at 26-366-67, ¶ 26.70 26-378 (2nd ed. 1994) (and cases cited therein); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) (stating that a trial court has broad discretion in deciding whether to stay proceedings incident to its power to manage its docket).

In addition, the doctrine of qualified immunity serves to protect defendants from complying with discovery requests that go beyond the scope of their qualified immunity defense. In Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the United States Supreme Court recognized that "[u]ntil the threshold [qualified] immunity question is resolved, discovery should not be allowed."[2] This is because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The entitlement conferred by qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like

---

[2] See also Siegert v. Gilley, 500 U.S. 226, 232 (1991), reh'g. denied, 501 U.S. 1265 (1991) ("[o]ne of the purposes of the immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out law suit."); Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987), cited with approval in Lewis v. City of Ft. Collins, 903 F.2d 752, 758 (10th Cir. 1990) (qualified immunity motions should be resolved prior to discovery).

absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. (emphasis in the original); see also Workman v. Jordan, 958 F.2d 332, 333 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation").  It is well established that questions of qualified immunity "should be resolved at the earliest possible stage in the litigation." See Jiron v. City of Lakewood, 392 F.3d 401, 414 (10th Cir. 2004) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Thus, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Id. (quoting Mitchell, 472 U.S. at 526; see also Martin v. Cnty. of Santa Fe, 626 Fed. Appx. 736, 740 (10th Cir. 2015) ("Because the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery, there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense.").

A stay of all discovery proceedings pending decision on City Defendants' motion should be entered because, not only is it proper, but it is in keeping with the standard policy of this District. See Silversmith v. Martin, No. Civ. 20-566 WJ/GJF, 2021 WL 1200602 at *2 (D.N.M.  March 30, 2021) ("The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserted the defense of qualified immunity, he is entitled to a stay of discovery); Taylor v. Haynes Burns, No. CV 13-15 JCH/GBW, 2013 WL 12330003, at *2 (D.N.M. May 2, 2013) ("The Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to

5

a stay of discovery."); Francomano v. Univ. of N.M. No. Civ. 03-1211 JP/RHS, slip op. at 2 (D.N.M. June 23, 2004) [Doc. No. 24] ("when qualified immunity is raised by way of motion, discovery should be stayed pending the court's determination of the qualified immunity motion."); see also Herrera v. Santa Fe Pub. Sch., No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *1 (D.N.M. Dec. 20, 2012) ("The Court will grant the Motion to Stay, because Romero is entitled to be protected from the burdens of the lawsuit until the Court rules on her qualified immunity defense."); Saenz v. Lovington Mun. Sch. Dist., No. CIV 14-1005 JB/SMV, 2015 WL 1906140, at *11 (D.N.M. Apr. 6, 2015) ("Accordingly, a stay is appropriate, and the Court will not permit Saenz to conduct discovery until after the Court resolves the MTD [regarding qualified immunity]."); Higgins v. Saavedra, No. 1:17-CV-00234-WPL-LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017) ("Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised."); Castaneda v. City of Albuquerque, No. CV 14-0103 RB/LAM, 2015 WL 13651109, at *3 (D.N.M. Dec. 23, 2015) ("Defendants are entitled to a stay while awaiting the Court's decision on the issue of qualified immunity."); Stonecipher v. Valles, No. CV 11-417 BB-GBW, 2012 WL 12899110, at *2 (D.N.M. June 12, 2012) ("Plaintiffs' remaining arguments similarly fail to remove this case from the general rule that, when a defendant files a qualified immunity motion, they are entitled to a stay of discovery.").  Indeed, this District has recognized that in prior cases seeking a stay of discovery pending determination of a qualified immunity motion, "because the law in this area is so clear, a response is unnecessary." Francomano, slip op. at 1 (citing Ransom v. Page, No. Civ. 01-822 RLP/LFG (D.N.M. Sept. 27, 2001)) [Doc. No. 25].

**WHEREFORE**, City Defendants respectfully request that this Court grant their Motion for Protective Order as follows:

A.  Stay all discovery until the Court rules on City Defendants Motion for Partial Summary Judgment No. I: Dismissal of Julia Dotson and Zachary Mora-Dotson's Fourth Amendment Illegal Seizure Claims Against the Officers Based on the Application of Qualified Immunity (filed February 19, 2024) [Doc. No. 35]; and

B.  Order all other relief this Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By:   /s/ Luis Robles
Luis Robles
Attorney for City Defendants
200 3rd St., NW, Suite 500
Albuquerque, New Mexico 87102-3334
(505) 242-2228
(505) 242-1106 (facsimile)
luis@roblesrael.com

I hereby certify that the foregoing was
electronically filed through the CM/ECF
on this 19th  day of February 2024, which will
cause service to the following:

Doug Perrin
The Perrin Law Firm
369 Montezuma Ave., OMB #334
Santa Fe, New Mexico 87501
(505) 989-8800
(214) 646-6117 (facsimile)
dougperrin@perrinlaw.org

Thomas M. Clark
Clark, Jones, & Ruyle LLC
 432 Galisteo St.
Santa Fe, New Mexico 87501
(505) 820-1825
(505) 986-0475 (facsimile)
tmclark@cjrlawsf.com

*Attorneys for Plaintiffs*


 /s/ Luis Robles
Luis Robles