# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ERNEST PADILLA, PERSONAL REPRESENTATIVE
OF THE ESTATE OF ROBERT DOTSON, DECEASED;
KIMBERLY DOTSON,
INDIVIDUALLY AND AS PARENT AND NEXT FRIEND
OF JULIA
DOTSON; AND ZACHARY MORA-DOTSON,**

        Plaintiffs,

**vs.**                                **Case No. 1:23-cv-00790-MLG-KK**

**CITY OF FARMINGTON, NEW MEXICO;
DANIEL ESTRADA; DYLAN GOODLUCK;
AND WAYLON WASSON,**

        Defendants.

## REPLY TO RESPONSE TO
## MOTION FOR PARTIAL SUMMARY JUDGMENT No. V: DISMISSAL OF
## MS. DOTSON'S AND THE ESTATE'S ASSAULT AND BATTERY CLAIMS

Defendants, Daniel Estrada, Dylan Goodluck, and Waylon Wasson, (collectively the "Officers") through their attorneys, Robles, Rael and Anaya, P.C. (Luis Robles), state the following for their *Reply to Response to Motion for Partial Summary Judgment No. V: Dismissal of Ms. Dotson's and the Estate's Assault and Battery Claims* ("*MPSJ No. V Reply*"):

## INTRODUCTION

*Plaintiffs' Response to Defendants' Daniel Estrada, Dylan Goodluck, and Waylon Wasson's Motion for Partial Summary Judgment No. V: Dismissal of Ms. Dotson's and the Estate's Assault and Battery Claims* (filed Jan. 14, 2025) [Doc. 84] ("*MPSJ No. V Response*") is no more than an attempt to rehash numerous arguments and factual matters already addressed in a fully briefed motion filed and heard before this Court. There are no facts to create a dispute of fact, and Plaintiffs' legal arguments profoundly misstate the applicable law. Thus, this Court must grant summary judgment in the Officers favor to dismiss with prejudice Kimberly Dotson ("Ms. Dotson") and the Estate of Robert Dotson ("Estate") assault and

battery tort claims.

**REPLY IN SUPPORT OF THE OFFICERS' UNDISPUTED MATERIAL FACTS**

As a preliminary matter, Plaintiffs' failed to follow proper summary judgment procedure in responding to the Statement of Undisputed Material Facts, injecting significant confusion into the briefing.[1] In this District, proper summary judgment procedure for responding to a statement of undisputed facts require coordinating with or concisely responding to each specific statement of fact asserted by the movant for proper consideration of whether a fact is disputed or undisputed. Here, Plaintiffs do not comply and violate numerous procedural rules. Plaintiffs' introduction section references four exhibits they attach but does not identify the controverted facts or include lettered paragraphs with any additional facts. See D.N.M.LR-Civ. 56.1(b). Instead, Plaintiffs liberally proliferated their legal argument section with additional facts – completely failing to provide citations to the record or pinpoint references (*i.e.*, citing an exhibit as a whole). D.N.M.LR-Civ. 7.3(b) (parties must "submit evidence . . . in support of allegations of fact."); Fed.R.Civ.P. 56(c)(1)(A) (requirements to refer with particularity to those portions of the record upon which the party relies); D.N.M.LR-Civ. 56.1(b) (same). This sloppy presentation amounts only to impermissible legal argument masquerading as a statement of fact, which the Court must disregard.

---

[1] This is not the first time Plaintiff has committed this violation, nor is it the first time that Defendants, the City of Farmington, Daniel Estrada, Dylan Goodluck, and Waylon Wasson (collectively "City Defendants") have raised the violation with this Court. See *City Defendants' Reply in Support of their Motion for Partial Summary Judgment No. II: Dismissal of the Estate of Robert Dotson's Fourth Amendment Unreasonable Seizure Claim Against the Officers Based on the Application of Qualified Immunity* at 1-2 (filed May 24, 2024) [Doc 63] ("*MPSJ No. II Reply*") (discussing procedural rule violations in *Plaintiffs' Response to City Defendants' Motion for Partial Summary Judgment 2: Dismissal of The Estate of Robert Dotson's Fourth Amendment Unreasonable Seizure Claim Against the Officers Based on the Application of Qualified Immunity* (filed Apr. 9, 2024) [Doc. 55] ("*MPSJ No. II Response*")). Additionally, *MPSJ No. V Response* violates other Local Rules. Exhibit pages are limited by D.N.M.LR-Civ. 10.5 and Plaintiffs' Exhibits for the response exceed the limit. See D.N.M.LR-Civ. 10.5. Plaintiffs did not "file only those pages of an exhibit which are to be brought to the Court's attention" but instead filed the entire document. See D.N.M.LR-Civ. 10.5. Plaintiffs' Exhibits do not identify the relevant portions on the relevant pages t. See D.N.M.LR-Civ. 10.6. Plaintiffs' Exhibits A and C have been submitted in full more than once in the docket, contrary to D.N.M.LR-Civ. 10.7. See e.g., *MPSJ No. II Response*, p. 34-64 [Doc. 55] (Declaration of Kimberly Dotson and Declaration of Jeronimo (Jerry") Rodriquez). The length of Plaintiffs' Response exceeds twenty-four (24) double-spaced pages. See D.N.M.LR-Civ. 7.5. Lastly, the top margin of Plaintiffs' Response is less than one and a half inches. See D.N.M.LR-Civ. 10.1.

Pinkerton v. Colorado Dep't of Transp., 563 F.3d 1052, 1061 (10th Cir. 2009) ("the argument of counsel is not evidence, and cannot provide a proper basis to deny summary judgment.").

Lastly, the only evidence Plaintiffs provide are the declarations of Ms. Dotson and Plaintiffs' expert. An affidavit with no other evidence is not enough to create a dispute of material fact. Hom v. Squire, 81 F.3d 969, 975 (10th Cir.1996) (granting summary judgment where the only evidence was Plaintiffs' affidavit containing unsubstantiated beliefs). The declarations are no more than affiant's beliefs and opinions. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (stating "affidavits must . . . set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient."); Thomas Well Serv., Inc. v. Williams Nat. Gas Co., 873 F. Supp. 474, 480 (D. Kan. 1994) (stating the affiant's "beliefs, opinions, rumors or speculation" are not "the proper subject of any affidavit.") (citations omitted), aff'd, 64 F.3d 670 (10th Cir. 1995).

To respond to *MPSJ No. V*, Plaintiffs incorporate by reference their prior *MPSJ No. II Response*, which, by failing to follow proper summary judgment procedure therein, has created confusion here.

Despite incorporating their *MPSJ No. II Response*, Plaintiffs failed to respond to paragraphs 1-8, 11-18, 20-21, 25, 29-34, 37-38, 41-42, 44, 46-48, 50-54, 56-57, 60, 62-66, 75-76, 78-79, 86, 89, 94-95, 97-104, 109-116, and 132. Additionally, Plaintiffs have failed to respond to the additional paragraphs in *MPSJ No. V* that are not in *MPSJ No. II*: 106-107, 117-131, and 145. Plaintiffs also failed to respond to *MPSJ No. V*, Statement of Undisputed Material Facts, paragraph 2. All those statements of fact must, therefore, be deemed undisputed. See D.N.M.LR-Civ. 56.1(b).

To avoid unnecessary briefing, as allowed by D.N.M.LR-Civ. 7.1(a), the Officers hereby incorporate by reference their reply arguments in *MPSJ No. II Reply*, paragraphs 1-147, at 4-33, as though fully set forth herein.[2]  For the additional facts alleged in the introduction of *MPSJ No. II Response*, and

_____

[2]     The instant motion, *MPSJ No. V*, incorporated by reference paragraphs 1-132 and 145 from the Statement of Undisputed Material Facts set forth in *City Defendants' Motion for Partial Summary Judgment No. I: Dismissal of Plaintiffs Julia Dotson and Zachary Mora-Dotson's Fourth Amendment Illegal Seizure Claims Against the Officers Based on the Application of Qualified Immunity*, p. 4-36, 39 (filed Feb.

also re-alleged by Plaintiffs in the legal arguments section of *MPSJ No. V Response*, City Defendants also replied.[3] Thus, as allowed by D.N.M.LR-Civ. 7.1(a), the Officers hereby incorporate by reference their reply arguments in *MPSJ No. II Reply*, paragraphs 1-10, at 33-40, as though fully set forth herein.

In *MPSJ No. V Response*, Plaintiffs repeat, unnecessarily, summarized responses to paragraphs 105 and 108. Plaintiffs provide no support for their assertions, and those statements of fact must, therefore, be deemed undisputed. See D.N.M.LR-Civ. 56.1(b); Fed.R.Civ.P. 56(c)(3); Fed.R.Civ.P. 56(c)(1)(A); Martin, 2014 WL 11398752, at *2 (affirmed on appeal) (argument of counsel cannot defeat summary judgment); Spurlock, 2011 WL 13137118, *5 (same). Even if this Court were to consider the contention, it is clearly established that degrees of sound are proper lay opinions. See James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1214 (10th Cir. 2011) (common examples of proper lay opinions include "the appearance of persons or things, . . . *sound*, . . . and an endless number of items that cannot be described factually in words apart from inferences.") (emphasis added; internal quotation marks and citation omitted). Moreover, this distinction is immaterial and does not create a dispute of fact for trial to defeat summary judgment.

For Plaintiffs' responses to paragraphs 109 and 113, the same argument applies since the contentions are unsupported by the record and merely arguments of counsel. Even if Plaintiffs contention for paragraph 109 is considered, the video evidence (cited by the Officers in support of UMFs 106-107 [Doc. 35]) does *not* "blatantly contradict" Officer Wasson's description of the bullet he felt pass him. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record . . . a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). For paragraph 113, the same argument applies, and the

---

19, 2024) [Doc. 35] ("*MPSJ No. I*"). See *MPSJ No. V*, p. 3.  However, Plaintiffs incorporated more than just those facts.

[3]      In the incorporated *MPSJ No. II Response*, the Estate confusingly asserted additional facts in its introduction without citations to the record, and then, after its legal argument section, responded to some of the Officers' statements of fact in a numbered list, while also setting forth further additional facts in the same paragraphs.

video evidence (cited by the Officers in support of UMF 113 [Doc. 35]) does *not* "blatantly contradict" the threat Ms. Dotson posed to the Officers' lives. See Scott, 550 U.S. at 380.

In sum, all Plaintiffs provide this Court are the bald assertions of counsel, general citations to a slew of lengthy exhibits, and inadmissible statements by Ms. Dotson and the Plaintiffs' expert. When the rules are applied to deem undisputed the facts not specifically controverted, D.N.M.LR-Civ. 56.1(b), and then only considering the facts with citations to the record, Fed.R.Civ.P., 56(c)(3); Fed.R.Civ.P. 56(c)(1)(A) and D.N.M.LR-Civ. 56.1(b), because the Court must not go searching on Plaintiffs' behalf,[4] Plaintiffs are left with no facts to support their arguments. Further, Plaintiffs argued that statements of fact could not be tested or verified without discovery but failed to file an FRCP 56(d) affidavit or request the Court defer consideration of *MPSJ No. V.*

Plaintiffs failed to offer any specific, competent evidence to support their factual assertions and thereby failed to create any genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (the plaintiff "must set forth specific facts showing that there is a genuine issue for trial."). Notably, neither party in this case can really make the circumstances better or worse for their respective side because the multiple video recordings captured the pivotal facts relevant to the Court's analysis. See Scott, 550 U.S. at 380.

---

[4]      The Tenth Circuit, this Court, and other judges within this District have refused "to comb the record in order to make [the plaintiff's] arguments for him." Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000); Downes v. Beach, 587 F.2d 469, 472 (10th Cir. 1978) ("it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without . . . depending on the trial court to conduct its own search of the record."); SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513-14 (10th Cir. 1990) (stating that not only will the court not sift through the record to find support for an argument, the court will not manufacture arguments for the party); see also Coffey v. United States, 870 F. Supp. 2d 1202, 1209 (D.N.M. 2012) ("D.N.M.LR-Civ. 56.1(b) is designed to isolate the relevant facts and to present them in an orderly fashion to the Court, and when parties do not follow the procedures listed in this local rule, the Court may have difficulty properly determining what the relevant facts are.") (citation omitted); Nahno-Lopez v. Houser, 625 F.3d 1279, 1284 (10th Cir. 2010) (addressing a similar local rule and stating the rule more than "a simple labeling requirement"; it is "an important tool to identify and address the facts at issue on summary judgment[. A] district court should not have to guess which of the movant's material facts are actually disputed by the non-movant" and which statements are additional facts.).

## LEGAL ARGUMENT

Plaintiffs have agreed to dismiss two claims addressed in City Defendants' *MPSJ No. V*. First, Plaintiffs agree Ms. Dotson's claim of battery fails against Officers Wasson and Estrada because no bullets physically touched her and also fails against Officer Goodluck because he did not fire his service weapon at her. See *MPSJ No. V Response*, p. 3 n. 1; id. at 14 n. 4. Second, Plaintiffs agree Officer Goodluck did not assault Ms. Dotson because he did not fire his service weapon at her. See id., p. 14 n. 4. Thus, granting summary judgment is appropriate.

The Officers are also entitled to dismissal of the remaining claims. Ms. Dotson's claim of assault fails because Officers Wasson and Estrada both subjectively and objectively believed that firing their service weapons at Ms. Dotson was the level of force necessary to stop the immediate deadly threat she posed to them and potentially neighbors in her line of fire. Additionally, the Estate cannot maintain an assault or battery claim against the Officers because they are entitled to qualified privilege, as their use of deadly force against Mr. Dotson was both objectively and subjectively reasonable. Moreover, for the Estate's assault claim, it fails because there is no evidence to prove Mr. Dotson's subjective apprehension. Therefore, the Court should grant summary judgment in favor of the Officers on the Estate's assault and battery claims and in favor of Officers Wasson and Estrada on Ms. Dotson's assault claims.

## I.    THE OFFICERS' CONDUCT DID NOT UNREASONABLY PRECIPITATE THEIR NEED TO USE DEADLY FORCE BECAUSE THEY DID NOT COMPRESS THE SITUATION.

Plaintiffs' arguments about the Officers' actions prior to the use of force being reckless because they allegedly failed to take a slew of specific steps that Plaintiffs believe would have averted the need for deadly force do not alter the reasonableness of the Officer's actions. Remarkably, Plaintiffs copied verbatim into their *MPSJ No. V Response* their exact same argument from their prior response regarding the Fourth Amendment. See id., p. 10-12, 22-23; compare *MPSJ No. II Response*, p. 13-15. As City Defendants have already addressed, these arguments are legally and factually flawed. See *MPSJ No. II*, p. 17-20; *MPSJ No. II Reply*, p. 50-52. Moreover, the parties and the Court devoted significant attention

6

to this issue during the August 16, 2024 hearing.

Hypocritically, Plaintiffs now attempt to revive the argument but applied to state law assault and battery claims while at the same time alleging this Court cannot review objective reasonableness through the well-established lens of federal Fourth Amendment law. Instead, Plaintiffs would have this Court cherry-pick its application of federal law to apply an analysis of only "whether the officers' own reckless or deliberate conduct during the seizure unreasonably created the need to use such force." Pauly, 874 F.3d at 1219 (citations, brackets, and internal quotation marks omitted); Thomson, 584 F.3d at 1320 (same); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004) (same). As expressly recognized in Jiron and other Tenth Circuit cases, "this rule 'is simply a specific application of the 'totality of the circumstances' approach inherent in the Fourth Amendment's [objective] reasonableness standard." Jiron, 392 F.3d at 415 (citing Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir.2001)). Given this application, Plaintiffs' entire argument regarding the inapplicability of the Graham factors falls apart.

Moreover, New Mexico Courts do not analyze Officer conduct from a "reckless or deliberate" standard. In fact, the only case to discuss it is an unpublished opinion for the New Mexico Court of Appeals that questions whether such a standard is applicable. Cordova v. City of Albuquerque, No. A-1-CA-40035, 2024 WL 3880063, at *2 (N.M. Ct. App. Aug. 20, 2024). This court was not persuaded, as there is no caselaw that "that law enforcement officers have a duty to use the least intrusive means available to them[,]" and the Tenth Circuit expressly "rejected [such] proposition[.]" Id. at *3. The court also held the "Decedent was a 'mortal threat' at the time the police officers shot him, we perceive no error in the district court's conclusion that the officers used reasonable force. Id., at *4. This court should decline Plaintiffs invitation to create new law where the New Mexico courts have not spoken and decline to apply a singled-out rule.

II.     **THE OFFICERS ARE ENTITLED TO QUALIFIED PRIVILEGE AND CANNOT BE LIABLE BECAUSE THEY OBJECTIVELY AND SUBJECTIVELY BELIEVED THAT DEADLY FORCE WAS REASONABLY NECESSARY.**

The New Mexico courts have long recognized deference to officers and "afford them the utmost

protection" when the officers are acting in good faith. <u>Mead v. O'Connor</u>, 1959-NMSC-077, ¶ 4, 66 N.M. 170, 344 P.2d 478. Plaintiffs have cited no legal authority to challenge this and provided no facts to create a dispute of material fact necessitating the question go to the jury.

**A.      The Officers Subjectively Believed They Used No More Force Than Necessary.**

Plaintiffs have established no dispute of fact regarding the Officers' subjective beliefs that each used no more force than necessary.[5] Regarding Mr. Dotson, it is undisputed that the Officers subjectively believed their lives were in danger and that the force used was no more than necessary to respond to the threat. <u>See</u> UMF 72, 84, 92 [Doc. 35] (Officer Wasson); UMF 73, 87, 92 (Officer Estrada); UMF 74, 89-90, 92 (Officer Goodluck). Regarding Ms. Dotson, it is undisputed that Officers Wasson and Estrada subjectively believed that their lives were in danger and that the deadly force used was necessary to respond to the threat of a gun suddenly appearing out of the doorway and being fired at them by Ms. Dotson. <u>See</u> UMF 108, 113 [Doc. 35]; UMF 113 (Officer Estrada); UMF 109, 113 (Officer Wasson). Such circumstances are more than enough to satisfy the standard, particularly compared to <u>Cruz</u>, which found the officers feared for their lives and the lives of other responding officers based on less: only their perception of how the suspect handled his weapon. 2023 WL 8602866, at *10. There is no evidence to rebut the Officers' subjective beliefs that deadly force was necessary.

**B.      Compared to That of a Hypothetical Reasonable Police Officer Placed in the Same Situation, the Officers' Judgment was Reasonable.**

There is no basis for this Court to not consider the objective reasonableness of the force used by applying the factors set forth in <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989), and <u>Estate of Larsen ex rel. Sturdivan v. Murr</u>, 511 F.3d 1255, 1260 (10th Cir. 2008). New Mexico courts have largely followed

---

[5]      To the extent Plaintiffs are arguing the Court considers what Mr. Dotson and Ms. Dotson subjectively believed was happening or why they each fired the gun, this is not the standard. <u>See</u> <u>Hernandez</u>, 2022-NMCA-023, ¶ 31 ("The test for qualified privilege [includes that] . . . *the officer* must subjectively believe that he or she used no more force than necessary") (quoting 6 Am. Jur. 2d, Assault & Battery § 104 (2021)) (emphasis added); <u>see also</u> <u>Ellis</u>, 2008-NMSC-032, ¶ 22, (the court considers "the perspective of the officer"); <u>Mead</u>, 1959-NMSC-077, ¶ 4 ("Officer . . . are the judges of the force necessary").

Fourth Amendment use of force law to analyze the objective component of assault and battery claims with only minor differences, such as not considering the clearly established prong of qualified immunity. See Mead, 1959-NMSC-077, ¶ 4; Ellis, 2008-NMSC-032, ¶¶ 28, 35-41 (referring to and applying Graham to analyze excessive force objectively from the officer's view); see e.g., Shaw v. Granvil, No. CV 14-1078 SCY/KBM, 2016 WL 10267676, at *11 (D.N.M. May 23, 2016) (unpublished). The federal district courts have recognized the parallel between federal excessive force claims and the objective component of state law assault and battery claims against law enforcement officers. See Favela, 398 F. Supp. at 922 ("An officer can be held liable for assault and battery if he uses excessive force.") (internal quotations omitted); Pena v. Greffet, 922 F. Supp. 2d 1187, 1229 (D.N.M. 2013) (same quote). What matters is whether the "officers' use of force is . . . objectively 'reasonably necessary in the enforcement of law and the preservation of order[,]'" not simply an arrest. Cruz v. City of Deming, No. 222CV00957MISGJF, 2023 WL 8602866, at *10 (D.N.M. Dec. 12, 2023) (slip opinion) (quoting Reynaga v. Cnty. of Bernalillo, 64 F.3d 670, 1995 WL 503973, at *2 (10th Cir. 1995) (table) and Hernandez v. Parker, 2022-NMCA-023, 508 P.3d 947).

Use of the Graham factors did not change when the New Mexico Court of Appeals decided Hernandez. In declaring the difference between civil assault and battery claims and a Fourth Amendment analysis, the court was specifically considering whether collateral estoppel applied and "whether a plaintiff's failure to establish a Fourth Amendment claim for excessive force likewise establishes a defense for civil assault and battery claims brought under the [NM]TCA." Id., ¶ 32. The court never stated the analysis is prohibited. In fact, in the subsequent case of Cruz, the court applied its analysis of the plaintiff's Fourth Amendment excessive force claim to find objective reasonableness for the plaintiff's assault and battery tort claims. Id., 2023 WL 8602866, at *10. Moreover, Plaintiffs have cited no authority to contradict that this Court may consider the objective reasonableness of the force used by the Officers by applying the Graham factors.

Here, the undisputed facts here necessitate a finding that the Officers' use of force against Mr.

Dotson was objectively reasonable, as was fully briefed in *MPSJ No. II*, p. 3-27. Plaintiffs' *MPSJ No. V Response* mirrors their response to those prior arguments, making City Defendants reply to those arguments relevant. <u>See</u> *MPSJ No. II Reply*, at 40-52. As exhaustively laid out in *MPSJ No. II Reply*, the Plaintiffs' arguments repeatedly rely on unsupported and immaterial factual contentions that are not admissible for a variety of reasons. In the *MPSJ No. V Response*, nowhere do Plaintiffs acknowledge that within approximately one (1) second of opening the front door, Mr. Dotson raised his firearm in the direction of Officers Wasson and Estrada. <u>See</u> UMF 80-81, 83 [Doc. 35]. The Officers reasonably set the stage for what should have been a lawful, consensual encounter that did not implicate a use of force, but Mr. Dotson's actions changed that.

For Ms. Dotson, the undisputed facts also necessitate a finding that the Officers' use of force was objectively reasonable. Ms. Dotson did not have a right to self-defense here. Again, Plaintiffs copied verbatim the exact same argument for Mr. Dotson from their prior response regarding the Fourth Amendment. <u>See</u> *MPSJ No. V Response*, p. 20-21; <u>compare</u> *MPSJ No. II Response*, p. 12-13. As City Defendants have already addressed, these arguments are legally and factually flawed. <u>See</u> *MPSJ No. II Reply*, p. 49-50. Moreover, this right does not bear out under New Mexico Supreme Court precedent. The court in <u>State v. Ellis</u> comprehensively reviewed the right to self-defense from an officer's use of force and found reasonableness is less deadly circumstances. 2008-NMSC-032, ¶ 41, 144 N.M. 253, 186 P.3d 245. Here, no reasonable officer would believe that the Officers in this case took any action that would make Ms. Dotson believe she needed to protect her home. The undisputed facts are Ms. Dotson created the need for Officers Wasson and Estrada to respond to the threat on their lives, UMF 113 [Doc. 35], given her provocation by indiscriminately firing a gun out the door in the direction of the Officers, UMF 106-107 [Doc. 35].[6] Officers have recognized federal and state law rights to respond to such threats.[7]

---

[6]    Notably, Ms. Dotson admits that "she had nothing to fear from police." *MPSJ No. V Response*, p. 18 n. 5.

[7]    <u>See</u> <u>Reavis v. Frost</u>, 967 F.3d 978, 985 (10th Cir. 2020) ("deadly force is justified only if a reasonable officer in the officer's position would have had probable cause to believe that there was a threat of

Additionally, Plaintiffs misstate the law of <u>Herrera v. Village of Angel Fire</u>, No. 1:21-CV-465-SCY-LF, 2024 WL 706857 (D.N.M. Feb. 21, 2024).  Specifically, the description is of the court's summary of the original opinion – now reversed – that a combination of events including the flashlight illumination, may inform resistance to a command to drop a weapon. <u>Id.</u>, at *22.  Even diving into the actual analysis, the case provides no illumination to the Court. <u>Id.</u> 26 (the fourth <u>Larsen</u> factor because the Court makes no mention of a flashlight); <u>id.</u>, at *23-24 (the second <u>Larsen</u> factor, the Court did not consider the flashlight an excuse for the suspect to not obey commands).  Regardless, this Court does not consider arguments in footnotes. <u>United States v. Hardman</u>, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.").  Therefore, the Officers are entitled to qualified privilege and cannot be liable for battery against Mr. Dotson or assault against Ms. Dotson because they objectively and subjectively believed that deadly force was reasonably necessary.

### III.    THE OFFICERS ARE NOT LIABLE FOR ASSAULT OF MR. DOTSON BECAUSE THERE IS NO EVIDENCE OF MR. DOTSON'S SUBJECTIVE PERCEPTION OF A THREAT OF BATTERY.

To the extent Plaintiffs are arguing that there was an assault on Mr. Dotson, the Officers dispute this. Plaintiffs make numerous unsupported claims purporting to know what Mr. Dotson perceived in the moment. <u>See e.g.</u>, *MPSJ No. II Reply*, p. 13 (addressing that Ms. Dotson has no personal knowledge as to what Mr. Dotson did, saw, heard or knew once he left the bedroom). However, as discussed, *supra*, there is no admissible evidence to support such facts. In order to demonstrate assault, Plaintiffs must demonstrate both an objective and subjective component regarding perception of a threat, including "some evidence of the victim's actual "belie[f that] he was in danger of receiving an immediate battery." <u>See</u>

---

serious physical harm to himself or others.") (citation and internal quotation marks omitted); NMSA 1978, § 30-2-6 (1989); <u>Hernandez</u>, 2022-NMCA-023, ¶ 31; <u>Redd</u>, 2021 WL 3909982 at *12 (when an officer reasonably perceives the subject is drawing a firearm on him and the officer's delay in using deadly force "could result in his own death or serious injury, his decision to fire without allowing [the subject] further time to comply [is] reasonable.").

State v. Arrendondo, 2012-NMSC-013, ¶ 15, 278 P.3d 517, 524. Thus, Plaintiffs assertion that only the act of the Officers firing their guns is enough for an assault is a complete misstatement and application of the law. There is no admissible evidence Mr. Dotson subjectively perceived a battery. Accordingly, the Officers are entitled to dismissal of the Estate's assault claim based on the lack of evidence to prove the claim.

## CONCLUSION

Ms. Dotson has voluntarily agreed to dismiss her assault claim against Officer Goodluck and her battery claims against the Officers. Therefore, the Court should grant summary judgment on these claims and dismiss them with prejudice. Regarding the remaining claims, Kimberly Dotson's claims of assault against Officer Wasson and Estrada fail because the Officers' use of deadly force was privileged, and the Officers are not liable for the alleged tort. Similarly, the Officers are entitled to qualified privilege on the Estate's assault and battery tort claims because their use of deadly force against Robert Dotson was both objectively and subjectively reasonable. Even so, the Estate cannot meet its burden to prove the subjective element of assault on Mr. Dotson. Therefore, the Court should grant summary judgment in the Officers' favor on Ms. Dotson's and the Estate's assault and battery tort claims.

**WHEREFORE,** the Officers respectfully request that this Court grant their *Motion for Partial Summary Judgment No. V: Dismissal of the Estate's and Ms. Dotson's Assault and Battery Tort Claims* and dismiss Kimberly Dotson's and the Estate's assault and battery tort claims against the Officers with prejudice.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**


By:      /s/ Luis Robles
         Luis Robles
         Attorney for Defendants
         500 Marquette Ave NW, Suite 700
         Albuquerque, NM 87102
         (505) 242-2228
         (505) 242-1106 (facsimile)
         luis@roblesrael.com

I hereby certify that the foregoing was
electronically filed through the CM/ECF
on this 3rd day of February 2025, which will
cause service to all counsel of record.



/s/ Luis Robles
Luis Robles