IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERNEST PADILLA, Personal Representative
of the ESTATE OF ROBERT DOTSON, Deceased;
KIMBERLY DOTSON, Individually and as
Parent and Next Friend of JULIA DOTSON; and
ZACHARY MORA DOTSON;**

      Plaintiffs,

Case No. 1:23-cv-00790-MLG-KK

**CITY OF FARMINGTON, NEW MEXICO;
DANIEL ESTRADA; DYLAN GOODLUCK; and
WAYLON WASSON,**

      Defendants.

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiffs, by and through their undersigned attorneys, for their Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint, would show the Court the following:

1. Rarely has one sentence intended to amend a complaint demanded such attention, as does the one sentence in this case, which is the subject of the Motion for Leave to File Third Amended Complaint.

2. Plaintiffs seek to file their Third Amended Complaint for the sole purpose of ensuring that their claims against the City are clearly stated and that another Motion for Summary Judgment is not filed on the issue of false imprisonment by the City against Plaintiffs for lack of proper pleading. Plaintiffs believe that the current allegations of the Second Amended Complaint give notice that the claims under the Tort Claim Act are asserted against the City as well as the officers, but in an excess of caution, Plaintiffs seek to add this sentence at the end of Paragraph 26.

3. This simple request led to a Response which attacks the ethics and intelligence of Plaintiffs' counsel. Sanctions under Rule 11 are sought.

4. The issue is very simple, and Rule 15 provides the solution. Leave is to be freely granted when justice so requires. FRCP 15(a)(2). A Motion for Leave should only be denied when the amendment would be prejudicial to the opposing party, there has been bad faith, or the amendment would be futile. *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006). A Plaintiff should be allowed an opportunity to "test his claims on the merits." Leave should be freely given. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962). The statute of limitations in this case has not run, but it will soon. Two years from the date of the killing of Robert Dotson is April 5, 2023. Discovery has not been conducted. Only serial Motions for Summary Judgment (seven now in total) have occupied the Court's attention. The amendment sought will simply clarify Plaintiff's claims and hopefully avoid another motion based only on language used in the Complaint. The amendment is intended to streamline the case, not delay it, with claims clearly viable against the City. There is no bad faith, no prejudice, and the proposed amendment serves the presentation of the merits. Discovery is not even permitted in this case yet there is no evil intent behind the proposed amendment.

5. New Mexico Tort Claims Act cases may be brought against the governmental entity or the officers. That is a reason the amendment is sought.

6. Notice pleading is still permitted and encouraged by the Federal Rules of Civil Procedure. A short and plain statement of the claims is to be included, and Plaintiffs' Third Amended Complaint complies with that standard. ( FRCP 8(a)(2)).

7. Defendants are upset by Plaintiffs' willingness to dismiss the Officers. The dismissal is not because there is not a valid claim against them. There is or at least arguably is a claim, and the claim against Defendant Estrada is acknowledged by Defendants in their Motions for Summary Judgment. Because the same claims which are brought against the officers under the New Mexico Tort Claims Act can also be brought against the City, it simply makes more sense in the opinion of counsel to pursue those claims against the City and not against the individual officers. Another option would be to join other officers, but the delay from that is unnecessary. This is a decision which is reserved to counsel for Plaintiffs, based on time, expense, and practical considerations to try to simplify this case and move it along. It is not a decision for defense counsel. Dismissing a claim when a Motion for Summary Judgment has asked it to be dismissed would seem a simple thing.

8. The Motion to Dismiss and Motion for Leave had to be filed because defense counsel did not respond to a request for his clients' position on the motions until the response was filed, over two weeks after his position was first sought.

9. The allegations against the Officers are still included in the proposed Third Amended Complaint because the Motion to Dismiss the false imprisonment claims against them has not been granted. Plaintiffs could not safely await the determination of that motion without also requesting leave to amend, since one depends on the other. If the individual officers are dismissed, it is vital that the claim against the City be acknowledged and preserved. If this is an excess of causation, so be it. Plaintiffs are certainly willing to modify the proposed Third Amended Complaint before it is filed to remove the false imprisonment claims against the officers.

10. Because the statute of limitations has not run, Plaintiffs can also simply file suit against the City on these tort claims in a Court with jurisdiction and then consolidate that suit with this suit. Not to attempt to preserve these claims, however, would be a breach of duty by Plaintiffs' counsel.

11. The Third Amended Complaint has not been filed. Rule 11 cannot even apply to it. Plaintiffs' counsel are open, as always, to try to accommodate defense counsel's concern about the contents of it.

12. Rule 11 has no application to this matter. Plaintiffs didn't know they might need another amendment until Motions for Summary Judgment VI and VII were filed. When the Original Complaint was filed, Plaintiffs' relied on the information in their possession. The attempt to obtain cooperation of defense counsel failed. There is no limit on the number of amendments which may be filed. The point of Rule 15 is to be sure valid claims are presented to be tested on the merits.

13. Under Rule 11, the signature of an attorney certifies that to the best of the person's knowledge, information and belief the pleading is not being presented for an improper purpose; the claims, defenses and legal contentions are warranted; and the factual contentions have evidentiary support. Plaintiffs' Motion to Amend meets all these criteria.

14. A Motion for Sanctions should be made separately from any other motion. FRCP 11(c)(2). The request for sanctions in the Defendant's Response is therefore not properly presented to the Court and should be denied for that reason alone.

15. If defense counsel wishes to actually properly present a Motion for Sanctions, Plaintiffs will be glad to reciprocate. This case should not go in this direction, but these kinds of allegations cannot be left unanswered.

Respectfully submitted,

**THE PERRIN LAW FIRM**
Doug Perrin
432 Galisteo
Santa Fe, New Mexico 87501 Telephone: (505) 946-8149
Facsimile: (214) 646-6117
Email: dougperrin@perrinlaw.org
*/s/ Doug Perrin*

**Clark, Jones, & Ruyle LLC.**
Thomas M. Clark 432
Galisteo St. Santa Fe,
NM  87501
Telephone: (505) 820-1825
Facsimile: (505) 986-0475 Email:
tmclark@cjrlawsf.com
*/s/ Thomas M. Clark*

Attorneys for Plaintiffs

### Certificate of Service

I hereby certify that the foregoing was electronically filed through the CM/ECF on this 14th day of March 2025, which caused counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Doug Perrin*
Doug Perrin