IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNEST PADILLA, PERSONAL REPRESENTATIVE
OF THE ESTATE OF ROBERT DOTSON, DECEASED;
KIMBERLY DOTSON,
INDIVIDUALLY AND AS PARENT AND NEXT FRIEND
OF JULIA
DOTSON; AND ZACHARY-MORA DOTSON,

    Plaintiffs,

vs.                                                      Case No. 1:23-cv-00790-MLG-KK

CITY OF FARMINGTON, NEW MEXICO;
DANIEL ESTRADA; DYLAN GOODLUCK;
AND WAYLON WASSON,

    Defendants.

**CITY DEFENDANTS' RESPONSE TO
AMENDED MOTION TO LIFT STAY ON DISCOVERY**

Defendants, the City of Farmington, Daniel Estrada, Dylan Goodluck, and Waylon Wasson (collectively referred to as "City Defendants"), through their attorneys Robles, Rael and Anaya, P.C. (Luis Robles) and pursuant to Fed.R.Civ.P. 26(c)(1) and D.N.M.LR-Civ 37.1, state the following for their Response to Amended Motion to Lift Stay on Discovery *[Doc. No 103]*:

**LEGAL ARGUMENT**

On May 7, 2024, this Court entered an Order, staying discovery while the District Court decided City Defendants' Motions for Partial Summary Judgment No. I, II, and III. *[Doc. 56], p. 3.* Currently, City Defendants' Motion for Partial Summary Judgment No. II *[Doc. 42]* is pending disposition by the District Court. There is no pleading in which City Defendants have withdrawn

its pending Motion for Partial Summary Judgment No. II based on qualified immunity.

In cases like this, the Federal Rules of Civil Procedure authorize this Court to stay discovery pending a decision on City Defendants' motion. Moreover, the reasoning underlying the doctrine of qualified immunity likewise compels a continued stay of discovery. Therefore, City Defendants should be spared the burdens of discovery and litigation pending a decision on their dispositive motion.

I. **THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE THIS COURT TO STAY DISCOVERY, AND THE DOCTRINE OF QUALIFIED IMMUNITY COMPELS A STAY OF DISCOVERY PENDING A DECISION ON CITY DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT.**

Federal Rules of Civil Procedure 26(b)(2) and (c) empower this Court with the discretion to stay discovery pending its ruling on City Defendants' dispositive motion. See Fed.R.Civ.P. 26(b)(2) and (c). Federal Rule of Civil Procedure 26(b)(2) allows this Court to enter an order limiting discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(i). This Court's power to limit discovery is additionally outlined in Fed.R.Civ.P. 26(c), which provides that upon motion and for good cause shown, this Court may enter an order "forbidding the disclosure or discovery[.]" See Fed.R.Civ.P. 26(c)(1)(A). Moreover, courts and commentators agree that Fed.R.Civ.P. 26(b) and (c) give trial courts the discretion to stay discovery pending the ruling on a motion raising dispositive legal issues. See generally, 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice,* ¶ 26.69 at 26-366-67, ¶ 26.70 26-378 (2nd ed. 1994) (and cases cited therein); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) (stating that a trial court has broad discretion in deciding whether to stay proceedings incident to its power to

2

manage its docket).

In addition, the doctrine of qualified immunity serves to protect defendants from complying with discovery requests that go beyond the scope of their qualified immunity defense. In Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the United States Supreme Court recognized that "[u]ntil the threshold [qualified] immunity question is resolved, discovery should not be allowed."[1] This is because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The entitlement conferred by qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id. (emphasis in the original); see also Workman v. Jordan, 958 F.2d 332, 333 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation"). It is well established that questions of qualified immunity "should be resolved at the earliest possible stage in the litigation." See Jiron v. City of Lakewood, 392 F.3d 401, 414 (10th Cir. 2004) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Thus, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." Id. (quoting Mitchell, 472 U.S. at 526; see also Martin v. Cnty. of Santa Fe, 626 Fed. Appx. 736, 740 (10th Cir. 2015) ("Because the driving

---

[1] See also Siegert v. Gilley, 500 U.S. 226, 232 (1991), reh'g. denied, 501 U.S. 1265 (1991) ("[o]ne of the purposes of the immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out law suit."); Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987), cited with approval in Lewis v. City of Ft. Collins, 903 F.2d 752, 758 (10th Cir. 1990) (qualified immunity motions should be resolved prior to discovery).

force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery, there is a strong policy justification for staying discovery and for refusing requests for additional discovery once a defendant invokes qualified immunity as a defense.").

Continuing the stay of all discovery proceedings pending decision on City Defendants' motion should be approved because, not only is it proper, but it is in keeping with the standard policy of this District. See Silversmith v. Martin, No. Civ. 20-566 WJ/GJF, 2021 WL 1200602 at *2 (D.N.M. March 30, 2021) ("The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserted the defense of qualified immunity, he is entitled to a stay of discovery); Taylor v. Haynes Burns, No. CV 13-15 JCH/GBW, 2013 WL 12330003, at *2 (D.N.M. May 2, 2013) ("The Court sees no reason why this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery."); Francomano v. Univ. of N.M. No. Civ. 03-1211 JP/RHS, slip op. at 2 (D.N.M. June 23, 2004) [Doc. No. 24] ("when qualified immunity is raised by way of motion, discovery should be stayed pending the court's determination of the qualified immunity motion."); see also Herrera v. Santa Fe Pub. Sch., No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *1 (D.N.M. Dec. 20, 2012) ("The Court will grant the Motion to Stay, because Romero is entitled to be protected from the burdens of the lawsuit until the Court rules on her qualified immunity defense."); Saenz v. Lovington Mun. Sch. Dist., No. CIV 14-1005 JB/SMV, 2015 WL 1906140, at *11 (D.N.M. Apr. 6, 2015) ("Accordingly, a stay is appropriate, and the Court will not permit Saenz to conduct discovery until after the Court resolves the MTD [regarding

qualified immunity]."); Higgins v. Saavedra, No. 1:17-CV-00234-WPL-LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017) ("Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised."); Castaneda v. City of Albuquerque, No. CV 14-0103 RB/LAM, 2015 WL 13651109, at *3 (D.N.M. Dec. 23, 2015) ("Defendants are entitled to a stay while awaiting the Court's decision on the issue of qualified immunity."); Stonecipher v. Valles, No. CV 11-417 BB-GBW, 2012 WL 12899110, at *2 (D.N.M. June 12, 2012) ("Plaintiffs' remaining arguments similarly fail to remove this case from the general rule that, when a defendant files a qualified immunity motion, they are entitled to a stay of discovery."). Indeed, this District has recognized that in prior cases seeking a stay of discovery pending determination of a qualified immunity motion, "because the law in this area is so clear, a response is unnecessary." Francomano, slip op. at 1 (citing Ransom v. Page, No. Civ. 01-822 RLP/LFG (D.N.M. Sept. 27, 2001)) [Doc. No. 25].

**WHEREFORE**, City Defendants respectfully request that this Court deny Plaintiffs' Amended Motion to Lift Stay on Discovery, continue the stay all discovery until the Court rules on City Defendants Motion for Partial Summary Judgment No. II; and order all other relief this Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By:  /s/ Luis Robles
Luis Robles
*Attorney for City Defendants*
500 Marquette Ave. NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
(505) 242-1106 (facsimile)
luis@roblesrael.com

I hereby certify that the foregoing was electronically filed through the CM/ECF on this 31st day of March 2025, which will cause service to the following:

Doug Perrin
The Perrin Law Firm
369 Montezuma Ave., OMB #334
Santa Fe, New Mexico 87501
(505) 989-8800
(214) 646-6117 (facsimile)
dougperrin@perrinlaw.org

Thomas M. Clark
Clark, Jones, & Ruyle LLC
 432 Galisteo St.
Santa Fe, New Mexico 87501
(505) 820-1825
(505) 986-0475 (facsimile)
tmclark@cjrlawsf.com

*Attorneys for Plaintiffs*


 /s/ Luis Robles
Luis Robles