**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ERNEST PADILLA, PERSONAL REPRESENTATIVE
OF THE ESTATE OF ROBERT DOTSON, DECEASED;
KIMBERLY DOTSON, INDIVIDUALLY
AND AS PARENT AND NEXT FRIEND
OF JULIA DOTSON;
AND ZACHARY-MORA DOTSON,

  Plaintiffs,
v.                Case No. 1:23-cv-00790-MLG-KK

CITY OF FARMINGTON, NEW MEXICO;
DANIEL ESTRADA; DYLAN GOODLUCK;
and WAYLON WASSON,

  Defendants.

**ORDER GRANTING MOTION TO DISMISS AND DECLINING TO
EXERCISE SUPPLEMENTAL JURISDICTION**

This matter is before the Court on Plaintiffs' Motion to Dismiss Kimberly Dotson's Federal Claim ("Motion"). Doc. 119. Plaintiffs seek to dismiss the sole remaining federal claim in this case with prejudice. *Id.* Defendants concur. *See id.* at 2 (noting defense counsel's approval). Having reviewed the Motion and given Defendants' consent, the Court grants the Motion. Doc. 119. Kimberly Dotson's Fourth Amendment unreasonable seizure claim is dismissed with prejudice. *See* Doc. 82 at 5 ¶ 20. There are now no other federal claims pending in this case. Through either stipulation and summary judgment, all matters of federal concern have now been resolved. *See* Doc. 112 (granting summary judgment on the Estate's Fourth Amendment claims); Doc. 70 (granting summary judgment on Julia Dotson and Zachary Mora-Dotson's Fourth Amendment claims).

Though the Court could retain the outstanding state law claims and exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), the Court declines to do so. The Tenth Circuit has instructed that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quotation omitted). *See also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims."). That directive applies with particular force here given that many of Plaintiffs' remaining claims arise under the New Mexico Civil Rights Act (NMCRA), NMSA 1978, § 41-4A-3. The NMCRA is a relatively new statute and the legal contours the claims and defenses afforded by that legislation have not been fleshed out by New Mexico state courts. *See Trujillo v. City of Albuquerque*, 756 F. Supp. 3d 1200, 1216 (D.N.M. 2024) (declining to exercise supplemental jurisdiction "because the New Mexico state appellate courts have not yet had the opportunity to fully address and interpret the provisions of the NMCRA."). And given that the Court has dismissed all federal claims and Plaintiffs' remaining state law claims implicate unique and novel questions of state law, exercising supplemental jurisdiction seems inappropriate. 28 U.S.C. § 1367(a).

Further, other relevant considerations, such as the "extent of pretrial proceedings, judicial economy, convenience, and fairness," militate against the exercise of supplemental jurisdiction. *See Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995). This case has been stayed for nearly two years and consequently the Court is in no superior position to adjudicate the

remaining claims[1] than the state courts. Because Plaintiffs are entitled to Section 1367(d)'s tolling provision, dismissal of their remaining state claims without prejudice is not fatal to adjudication of Plaintiffs' outstanding state law causes of action.

Accordingly, for the foregoing reasons, the Court grants Plaintiffs' Motion. Doc. 119. Kimberly Dotson's Fourth Amendment unreasonable seizure claim is dismissed with prejudice. The remaining state law claims asserted in Plaintiffs' operative complaint, Doc. 82, are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] Two claims are subject to a fully briefed partial motion for summary judgment filed before this Court. *See* Docs. 77, 92. Those claims are assault and battery claims, arising under the New Mexico Tort Claims Act, NMSA 1978, § 41-4-4, raised on behalf of Robert Dotson's estate and Kimberly Dotson against the Individual Officers. Doc. 77 at 1. Notably, these claims implicate a developing sector of state law regarding law enforcement privilege to apply deadly force and the modified privilege inquiry discussed in *Hernandez v. Parker*, 2022-NMCA-023, ¶ 31, 508 P.3d 947, 958. Because these claims and the attendant motion for partial summary judgment raise issues of state law unheard by the state's highest court, the Court defers the opportunity to interpret *Hernandez* as best resolved through adjudication in the state's courts.